**16SL-CC03431**

Electronically Filed - St Louis County - September 18, 2016 - 01:07 PM

STATE OF MISSOURI      )
                       )
COUNTY OF ST. LOUIS    )

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

| | |
|---|---|
| MARILYN MARGULIS, | Cause No. |
| Plaintiff, | |
| v. | Division |
| CHARTER COMMUNICATIONS, INC.<br>    Serve: CSC Lawyers Incorporating<br>           Service Company<br>           221 Bolivar Street<br>           Jefferson City, MO 65101<br>           Cole County | COLE COUNTY SHERIFF |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
| Defendants. | |

### PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT AND BREACH OF MISSOURI MERCHANDISING PRACTICES ACT Chapter 407

### PARTIES
### PLAINTIFF

1. Plaintiff is a resident of St. Louis County, Missouri and has residential telephone service at her residence using telephone number (636) 536-6446.

2. Plaintiff is a resident of St. Louis County, Missouri and has residential telephone service at her residence using telephone number (636) 536-6678.

3. At all times relevant, Plaintiff Marilyn Margulis had telephone service at (636) 536-6446.

4. At all times relevant, Plaintiff Marilyn Margulis had telephone service at (636) 536-6678ö.

Charter Communications, Inc. - Petition Page 1

EXHIBIT
A

5. Plaintiff Marilyn Margulis telephone number (636) 536-6446 is and was at all relevant times on the Missouri Do Not Call List.

6. Plaintiff Marilyn Margulis telephone number (636) 536-6446 is and was at all relevant times on the National Do Not Call List.

7. Plaintiff Marilyn Margulis telephone number (636) 536-6678 is and was at all relevant times on the Missouri Do Not Call List.

8. Plaintiff Marilyn Margulis telephone number (636) 536-6678 is and was at all relevant times on the National Do Not Call List.

## DEFENDANTS
## CHARTER COMMUNICATIONS, INC.

9. Defendant, Charter Communications, Inc., doing business as Charter Communications (hereinafter "Charter"), is an active Delaware-corporation with offices located at 12405 Powerscourt Drive, St. Louis, MO 63131. Charter is a publically traded company, with I.R.S. Employer Identification Number 43-1857213. Charter, through its subsidiaries, including Charter Communications Holdings, LLC, and Charter Communications Operating, LLC (the "Charter Family of Companies") offer cable, internet, and telephone services to consumers throughout the United States, including the State of Missouri.

10. Charter is registered with the Missouri Secretary of State as an active foreign for-profit business; charter number F00475971, whose registered agent is CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

11. Defendant, Charter, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

12. Defendant, Charter, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

### John Does 1-10

13. Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

### ACTS OF AGENTS

14. Whenever it is alleged in this Petition that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendants' officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under the authority of Defendant(s).

## COUNT ONE- DAMAGES

COMES NOW Plaintiff, Marilyn Margulis, and for her cause of action against Defendants states as follows:

**THE TELEPHONE CONSUMER PROTECTION ACT**

15. 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the promulgated thereunder regulations provides in pertinent part 64.12000(c)(2) et seg which states: (c) No person or entity shall initiate any telephone solicitation to: ...(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, ....".

16. 47 C.F.R § 64.1601(e)(1-2) requires a caller to transmit proper caller identification.

> (e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) must transmit caller identification information.
> (1) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.
> (2) Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information.

17. 47 C.F.R. 64.1200(d)(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

18. Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

19. Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on who's behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA. *In re DISH Network, LLC,* 28 F.C.C. Rcd. 6574, 6590 (2013)

20. Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *Id.*

21. The phone calls at issue in this case were made by and/or for the benefit of Defendant. Because these calls were made by or "on behalf" of Defendant, Defendant bears the responsibility for any violations of the TCPA, even if Defendant did not directly place the calls. Defendant is also responsible for illegal actions of its agents and is also responsible for any illegal actions conducted in the course of any joint venture with any third party.

**THE MISSOURI NO-CALL LAW**

22. Mo. Rev. Stat. § 407.1098.1 provides:

    No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

23. A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

24. A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

25. Defendants call to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

26. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

27. Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

28. Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

## THE MISSOURI TELEMARKETING LAW

29. Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3) Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

30. MO Rev. 407.1104 provides in pertinent part:
1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.
2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

## STATEMENT OF FACTS

31. The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 536-6446 on or about July 15, 2014 at 1:28 pm.

32. Placing the call was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

33. Placing the call violated MO Rev. 407.1098.

34. Plaintiff or her representative (herein after "Plaintiff") at that time told the representative of Charter that Plaintiff did not wish to receive any further telephone calls from Defendant and requested Defendant put Plaintiff on their list of people who did not want to receive telephone solicitations made by or on behalf of Defendants as provided by Telecommunications Act of 1934 as amended by the Telephone Consumer Protection act of 1991 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC.

35. The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

36. Plaintiff or her representative during the July 15, 2014 call requested a copy of the current Do Not Call Policy of Defendants and provided Plaintiff's full name and address and a representative of Defendant Charter said one would be sent to Plaintiff.

37. Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

38. A copy of the current Written Do Not Call Policy as required under the TCPA of Defendant was not sent within 30 days of the request of Plaintiff resulting in a violation of 47 C.F.R. 64.1200(d)(1).

39. The CallerID transmitted in the call was "1888-401-6667 - TOLL FREE CALL".

40. The number "1888-401-6667" is not a number assigned to Defendant and is a disconnected telephone number.

41. Placing the call violated MO Rev. 407.1104.

42. Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

43. The Defendants initiated a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 536-6678, on or about July 30, 2014 at 5:08 pm.

44. Placing the call was a violation of 47 U.S.C. §227 the TCPA and the regulations promulgated thereunder 64.12000 et seg.

45. Placing the call violated MO Rev. 407.1098.

46. The July 30, 2014 call resulted in a violation of 47 C.F.R. 1200(d)(3) and 47 C.F.R. 1200(d)(6) as this call was made in violation of Plaintiff's prior Do Not Call request and Plaintiff was not placed on the Do Not Call list of Defendant.

47. Plaintiff or her representative at that time told the representative of Defendant Charter that Plaintiff did not wish to receive any further telephone calls from Defendants and requested Defendant Charter put Plaintiff on their list of people who did not want to receive telephone solicitations made by or on behalf of Defendant Charter as provided by Telecommunications Act of 1934 as amended by the Telephone Consumer Protection act of 1991 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC.

48. The agent on this call was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

49. Plaintiff or her representative during the July 30, 2014 call requested a copy of the current Do Not Call Policy of Defendants Pisa Group and the Post Dispatch and provided Plaintiff's full name and address and a representative of Defendant Pisa Group said one would be sent to Plaintiff.

50. Defendants' acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

51. A copy of the current Written Do Not Call Policy as required under the TCPA of Defendant was not sent within 30 days of the request of Plaintiff resulting in a violation of 47 C.F.R. 64.1200(d)(1).

52. The CallerID transmitted in the call was "1-646-517-1588 - CHARTER".

53. The number "1-646-517-1588" is not a number assigned to Defendant and is a disconnected telephone number.

54. Placing the call violated MO Rev. 407.1104.

55. Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for this call to Plaintiff's residential telephone line.

56. Plaintiff has received more than one telephone call from Defendant within a 12 month period.

57. Upon information and belief additional calls were made to the Plaintiff by or on behalf of Defendants for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, within 12 months of the call above.

### VIOLATIONS OF THE TCPA AND REGULATIONS

58. That the telephone calls to Plaintiff made by Defendant constituted at least 6 violation(s) of the Federal Telephone Consumer Protection Act §227 and following and the regulations promulgated thereunder FCC (which amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et seq.) which provide for $500 statutory damages for each violation.

Electronically Filed - St Louis County - September 18, 2016 - 01:07 PM

59. The TCPA and regulations also provide for tripling of the statutory damages for each violation if the Court finds that the defendant willfully or knowingly violated the statute or the regulations prescribed.

### VIOLATIONS OF MISSOURI CHAPTER 407

60. Placing the calls violated MO Rev. 407.1104, which provide damages in the amount of up to $5,000 per violation.

61. Placing the calls violated MO Rev. 407.1076, which provide damages in the amount of up to $5,000 per violation.

62. Placing the calls violated MO Rev. 407.1098, which provide damages in the amount of up to $5,000 per violation.

### COUNT TWO
### Injunctive Relief

63. Count one is restated as if set forth herein.

64. As provided by 47 U.S.C. §227(b)(3)(A) Defendants or their agent(s) should be permanently enjoined from violating the provisions of the TCPA.

WHEREFORE, Plaintiff, prays judgment against Defendants in the amount of $30,000 (six (6) violations x $5,000) for violations of MO Rev. 407 and $9,000 (six (6) violations x $1,500) for violations of the TCPA as provided by 47 U.S.C. 227 for total damages of $39,000, that Defendants be enjoined from making telephone calls in violation of the Missouri statutes and TCPA, plus Court costs and for such other and further relief as this Court deem proper.

/s/ Max G. Margulis
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P: (636) 536-7022 - Residential
F: (636) 536-6652 - Residential
E-Mail: MaxMargulis@MargulisLaw.com

### CERTIFICATION

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.

/s/ Max G. Margulis



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN LEVY SIWAK | Case Number: 16SL-CC03431 |
|---|---|
| Plaintiff/Petitioner:<br>MARILYN MARGULIS<br><br>                                      vs. | Plaintiff's/Petitioner's Attorney/Address<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>CHARTER COMMUNICATIONS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: CHARTER COMMUNICATIONS, INC.
                        Alias:
CSC-LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**COURT SEAL OF**



**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

_20-SEP-2016_                                        _____
Date                                                                Clerk

Further Information:
AD

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____      _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* Document ID# 16-SMCC-7326     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 16-SMCC-7326    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: ELLEN LEVY SIWAK | Case Number: 16SL-CC03431 | |
|---|---|---|
| Plaintiff/Petitioner: MARILYN MARGULIS | Plaintiff's/Petitioner's Attorney/Address MAX GEORGE MARGULIS 28 OLD BELLE MONTE ROAD CHESTERFIELD, MO 63017 | RECEIVED SEP 30 2016 FILED ST LOUIS COUNTY SHERIFF'S OFFICE OCT 14 2016 JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY |
| vs. | | |
| Defendant/Respondent: CHARTER COMMUNICATIONS, INC. | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 | |
| Nature of Suit: CC Injunction | | |

## Summons in Civil Case

The State of Missouri to: CHARTER COMMUNICATIONS, INC.
Alias:
CSC-LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

20-SEP-2016
Date                                              _____ Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   SL                                  (name) Designee            (title).
☐ other _____
Served at 350 E. High                                                             (address)
in Colo              (County/City of St. Louis), MO, on 10·3·16 (date) at 8:00 Am (time).
Greg B White                                 By  Aimee Wray
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____ _____
                              Date              Notary Public

**Sheriff's Fees, if applicable**
Summons                $_____
Non Est                $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage                $_____ (___ miles @ $____ per mile)
Total                  $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 16-SMCC-7326   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 16-SMCC-7326   2   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

### Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 16-SMCC-7326   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo