UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN MARGULIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:16-cv-1702-RLW |
| ) | |
| CHARTER COMMUNICATIONS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
WITHOUT PREJUDICE OF PLAINTIFF'S CLAIMS BASED ON THE MISSOURI
DO NOT CALL LAW AND THE MISSOURI MERCHANDISING PRACTICES ACT**

Defendant Charter Communications, Inc. ("Charter"), by and through its attorneys, files this opposition to Plaintiff Marilyn Margulis' ("Plaintiff") Voluntary Dismissal Without Prejudice of Plaintiff's Claims Based on the Missouri Do Not Call Law and the Missouri Merchandising Practices Act (the "Motion") (Dkt. No. 11).

**BACKGROUND**

Plaintiff Marilyn Margulis ("Plaintiff") filed her Petition (hereinafter, the "Complaint") against Charter on or about September 18, 2016.  The Complaint alleges that Charter initiated two telephone calls to Plaintiff's residential telephone line on July 14 and July 30, 2014.  The Complaint alleges that these telephone calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Missouri Merchandising Practices Act, RSMo. § 407.1098, *et seq*. ("MMPA").  (Complaint, ¶¶ 32, 33).

On November 1, 2016, Charter removed this case.  (Dkt. No. 1).  Plaintiff's MMPA

claims under the MMPA are clearly time-barred under the applicable two-year statute of limitations. *See* RSMo. § 407.1107(5). On November 8, 2016, Charter moved to dismiss the MMPA claims. (Dkt. Nos. 7 & 8). Charter also filed an Answer to the TCPA claims and raised a number of affirmative defenses to both the TCPA and the MMPA claims. (Dkt. No. 6). On November 16, 2016, Plaintiff filed the Motion.

## STANDARDS

FED. R. CIV. P 41(A)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." In this case, Charter filed an Answer. Moreover, Charter does not agree to dismissal of the MMPA claims without prejudice, and advised Plaintiff's counsel of its position on this issue on November 15, 2016.

FED. R. CIV. P. 41(A)(2) states: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

## ARGUMENT

Plaintiff's MMPA claims are time-barred. The Complaint's improper inclusion of these claims expanded the scope of this litigation, increased the amount of damages requested, and injected additional claims for relief into this case. As a result, Charter was forced to incur the expense of preparing and filing a motion to dismiss and supporting memorandum to obtain the dismissal of claims that were not viable under applicable law.

In similar circumstances, federal courts have rejected a plaintiff's request to dismiss the claims <u>without prejudice</u>, instead electing to dismiss the claims <u>with prejudice</u>. "Generally, voluntary dismissals are without prejudice." *In re Wholesale Grocery Prod. Antitrust Litig.*, No.

09-MD-2090 ADM AJB, 2010 WL 4134341, at *1 (D. Minn. Oct. 19, 2010) (citing FED. R. CIV. P 41(A)(1)). "However, the Court grants dismissals on 'terms that it considers proper,' and may dismiss a claim with prejudice if specified in the order." *Id.* "Where a plaintiff's claims are clearly time-barred, it is improperly prejudicial to defendants to allow dismissal without prejudice." *Id.* (citing *See Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1263 (8th Cir. 1993) ("We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed.")); *see also Raymond v. Air Evac EMS, Inc.*, No. 14-CV-0680-CVE-PJC, 2015 WL 1738026, at *2-*3 (N.D. Okla. Apr. 16, 2015) (rejecting plaintiff's request to voluntarily dismiss time-barred claims without prejudice and instead electing to dismiss the claims with prejudice).

Charter's motion to dismiss demonstrated a valid statute of limitations defense to Plaintiff's MMPA claims. Moreover, Charter specifically requested that Plaintiff's MMPA claims be dismissed with prejudice. Apparently, Plaintiff concedes Charter's arguments. Therefore, Charter respectfully requests that Plaintiff's claims be dismissed with prejudice.

## CONCLUSION

This Court should deny Plaintiffs' Motion and dismiss the MMPA claims **with** prejudice.

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Matthew D. Guletz
    Matthew D. Guletz, #57410MO
    Virginia L. Woodfork, #68494MO
    One U.S. Bank Plaza, Suite 2500
    St. Louis, Missouri 63101
    (314) 552-6000 (telephone)
    (314) 552-7000 (facsimile)
    *mguletz@thompsoncoburn.com*
    *vwoodfork@thompsoncoburn.com*

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system and via U.S. Mail, first class, postage prepaid, on this 16th day of November, 2016, to the following:

Max G. Margulis
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017

*Attorney for Plaintiff*

                                        /s/ Matthew D. Guletz