UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARYLIN MARGULIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV1702 RLW |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Charter Communications, Inc.'s Partial Motion to Dismiss Plaintiff's Claims Based on the Missouri No-Call Law (ECF No. 7). Also pending is Plaintiff's Voluntary Dismissal without Prejudice of Plaintiff's Claims Based on the Missouri Do Not Call Law and the Missouri Merchandising Practices Act (ECF No. 11). Other than the voluntary dismissal, Plaintiff did not file a response to Defendant's motion to dismiss, and the time for doing so has expired. Defendant filed a memorandum in opposition to Plaintiff's motion for voluntary dismissal without prejudice (ECF No. 12).

## BACKGROUND

This case arises from two alleged telephone calls from Charter Communications, Inc. ("Defendant") to Marilyn Margulis ("Plaintiff"). Plaintiff alleges that Defendant's representative called her residential phone for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, on or about July 15, 2014. (Compl. ¶ 31, ECF No. 4) Plaintiff asserts her CallerID transmitted the call from a toll free number, which was

1

disconnected and never assigned to Defendant. (Compl. ¶¶ 39-40) After answering the phone call, Plaintiff asked the Defendant's representative to add Plaintiff to Defendant's list of people who did not want to receive telephone solicitations. (Compl. ¶ 34) In addition, Plaintiff requested that a copy of Defendant's current Do Not Call Policy be mailed to the Plaintiff, and the representative agreed to send such copy. (Compl. ¶ 36) However, Plaintiff alleges she did not receive Defendant's Do Not Call Policy within thirty days of the request. (Compl. ¶ 38)

Plaintiff further claims a representative of Defendant called Plaintiff's phone a second time for solicitation purposes, via a different disconnected and unassigned phone number, on July 30, 2014. (Compl. ¶¶ 43-53) Plaintiff contends both telephone calls forced Plaintiff to incur time and expense, while each call also prevented Plaintiff's telephone from being used for other purposes during such calls. (Compl. ¶¶ 25, 27)

Plaintiff filed a Petition in Circuit Court of St. Louis County on September 18, 2016. (ECF No. 4) Defendant removed the case to federal court on the basis of federal question and diversity jurisdiction on November 1, 2016. (ECF No. 1) Plaintiff's complaint alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010, *et seq*. Specifically, Plaintiff asserts claims under the MMPA for violations of the Missouri Do Not Call Law ("MDNC"), Mo Rev. Stat. §§ 407.1098 and 407.1104, and a violation of telemarketing practices under Mo. Rev. Stat. § 407.1076. She requests monetary damages and injunctive relief.

On November 8, 2016, Defendant filed a partial Motion to Dismiss Plaintiff's claims under the MMPA claiming the statute bars any action two years after Plaintiff knew or should have known of the alleged violation. (ECF No. 7) On November 16, 2016, Plaintiff moved for Voluntary Dismissal without Prejudice for her claims under the MDNC and the MMPA. (ECF

2

No. 11) Defendant opposes Plaintiff's Voluntary Dismissal without Prejudice because the claims are time-barred. (ECF No. 12)

## **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain 'enough facts to state a claim for relief that is plausible on its face.'" *Smith v. UPS Freight*, No. 4:15-CV-382 JAR, 2015 WL 4274594, at *1 (E.D. Mo. July 14, 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007)). "[A] court should construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). "Where the complaint itself establishes that the claim is time-barred, dismissal pursuant to Rule 12(b)(6) is proper." *Hollingsworth v. United Airlines, Inc.*, No. 4:16 CV 2139 DDN, 2017 WL 564491, at *2 (E.D. Mo. Feb. 13, 2017) (citation omitted).

Federal Rule of Civil Procedure 41 provides for the voluntary dismissal without prejudice of an action by a plaintiff without a court order where a plaintiff files: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A) and (B); *Burke v. Versa-Tags, Inc.*, No. 4:09CV0521 ERW, 2009 WL 3433471 at *2 (E.D. Mo. Oct. 19, 2008). However, where the opposing party has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citation omitted). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to

dismiss, . . . whether a dismissal would result in a waste of judicial time and effort, . . . and whether a dismissal will prejudice the defendants . . . ." *Id.* (internal citations omitted).

**DISCUSSION**

Under the MMPA, "[n]o action or proceeding may be brought pursuant to this section: (1) More than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation[.]" Mo. Rev. Stat. § 407.1107. Defendant argues the two-year statute of limitations bars Plaintiff's claims under the MMPA because the calls allegedly made by Defendant were placed on July 15 and 30, 2014. Plaintiff did not file her state court petition until September 18, 2016, approximately seven weeks after the statute of limitations expired. Defendant further contends that the Court should not allow Plaintiff to voluntarily dismiss her MMPA claims without prejudice because the claims are time-barred. Moreover, Defendant asserts dismissal without prejudice is unwarranted because Defendant has incurred expenses in preparing and filing a motion to dismiss claims that were not viable under applicable law.

At the outset, the Court notes that Plaintiff has not provided any reason why her MMPA claims should be voluntarily dismissed without prejudice. *See Hamm*, 187 F.3d at 951 (affirming the denial of a motion to voluntarily dismiss without prejudice where plaintiffs "provided no legitimate justification for their request to dismiss"). Further, "[v]oluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal, . . . and there is clear legal prejudice where a Rule 41(a)(2) dismissal is granted in the face of a valid statute of limitations defense . . . ." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) (internal citations omitted)). In *Sutton-Price v. Daugherty Sys., Inc.*, plaintiff sought to voluntarily dismiss without prejudice a claim

4

under the Missouri Minimum Wage Law ("MMWL"), which contained a two-year statute of limitations. No. 4:11-CV-1943 (CEJ), 2012 WL 2282344, at *1 (E.D. Mo. June 18, 2012). The court denied plaintiff's motion to dismiss and instead found the defendant had "established that plaintiff['s] claim under the MMWL is barred by the statute of limitations and it is entitled to dismissal of the claim with prejudice." *Id.* at *3 (citation omitted). Furthermore, the Eighth Circuit has held, "[w]e would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed." *W.R. Grace & Co.*, 999 F.2d at 1263.

In this case, Defendant's memorandum in support of its partial motion to dismiss demonstrates that the two-year statute of limitations bars Plaintiff's claims under the MMPA. (ECF No. 8) Plaintiff became aware of the alleged MMPA violations on July 15 and 30, 2014, when Plaintiff allegedly answered Defendant's solicitation phone calls. (Compl. ¶¶ 31-37, 43-50) Plaintiff did not bring an action against Defendant for the alleged violations of the MMPA until September 18, 2016. (ECF No. 4) Because Plaintiff filed her cause of action more than two years after receiving the July 2014 phone calls, the Court finds that Defendant has established that Plaintiff's MMPA claims are barred by the statute of limitations, warranting dismissal with prejudice. *Sutton-Price*, 2012 WL 2282344, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Charter Communications, Inc.'s Partial Motion to Dismiss Plaintiff's Claims Based on the Missouri No-Call Law (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought under the MMPA, Mo. Rev. Stat. §§ 407.010, *et seq.*, are **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's Voluntary Dismissal without Prejudice of Plaintiff's Claims Based on the Missouri Do Not Call Law and the Missouri Merchandising Practices Act (ECF No. 11) is **DENIED**.

Dated this 21st day April, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**